■ In the Matter of the Claim of MARGARET BERGER, Appellant, v. CITY OF SCHENECTADY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the Workmen's Compensation Board, dated July 29, 1965, denying claim for benefits. The pertinent facts establish that the decedent was the Fire Chief of the City of Schenectady; that in early October, 1962 a petition was circulated by members of the department criticizing certain working conditions; that the petition was under the aegis of Ralph Ruggiero, the President of the Permanent Firemen's Association; that when the Chief learned of the petition he became agitated and excited; that on October 12, he was examined by the doctor for the fire department who recommended that he be retired on disability benefits; that the doctor thereafter testified that on the day of the examination he found him to be nervous, he was agitated, could not sleep and it was affecting his appetite; that on October 26, a letter was addressed to the Chief advising him that the Deputy Chief had been appointed to the position of Fire Chief; that on October 30, he was on disability (sick leave) and the Deputy Fire Chief was in command; that on that date he met Ruggiero in a bowling alley and berated him; the Chief became excited and mad and followed Ruggiero to the fire house where he again threatened and berated him; that immediately thereafter he returned home and while explaining to his wife about the argument and that he was going to have Ruggiero transferred, he dropped dead. There was conflicting medical testimony as to causal relationship. The board's decision stated, " on the evidence that the work activities and events did not contribute in any way to the death on October 30, 1962 ". Thereafter, in a supplemental decision the board deleted from its original decision a statement that the medical evidence indicated no causal relationship and determined " Upon review of the entire record, a majority of the Board Panel finds that the effect of circulation of the petition and the deceased's argument with the president of the Firemen's Association did not subject decedent to greater emotional strain or tension than that to which all workers are occasionally subjected, and therefore the decedent did not sustain an accidental injury arising out of and in the course of employment." Whether this court would have affirmed a finding of accident is not the test, but rather is there substantial evidence to sustain the findings of the board. From the present record we cannot say that the board's decision was not supported by substantial evidence or was error as a matter of law. That being so, affirmance is mandated. Decsion affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.